IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY<br><br>*Plaintiff*,<br><br>v.<br><br>MILCO CONSTRUCTION, LLC, ARMANDO A. ARANDA, JR., AND SARA Y. ARANDA<br><br>*Defendant*. | §§§§§§§§§§§§§   Civil Action No. 22-537 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff The Hanover Insurance Company (the "**Surety**") complains of Milcon Construction, LLC, Armando A. Aranda, Jr., and Sara Y. Aranda (collectively, the "**Defendants**") and respectfully states as follows:

### I.  PARTIES

1. Plaintiff The Hanover Insurance Company is a New Hampshire company authorized to do business in the state of Texas.

2. Defendant Milcon Construction, LLC is a domestic limited liability company with its principal place of business located at 225 E. Locust Street, San Antonio, Texas 78212. Armando A. Aranda Jr. is the sole managing member of Milcon and is a Texas resident. Milcon may be served with process through its registered agent, Armando A. Aranda Jr., at 225 E. Locust Street, San Antonio, Texas 78212.

3. Defendant Armando A. Aranda, Jr. is a citizen and resident of the State of Texas who may be served with process at his residence located at 8806 Chulan Pass, San Antonio, Texas 78255.

4. Defendant Sara Y. Aranda is a citizen and resident of the State of Texas who may be served with process at his residence located at 8806 Chulan Pass, San Antonio, Texas 78255.

## II. STATEMENT OF JURISDICTION

5. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. VENUE

6. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 124(d)(4) and 28 U.S.C. § 1391(b)(1) because one or more of the Defendants resides in the Western District of Texas, San Antonio Division, and all the Defendants are residents/citizens of the State of Texas.

## IV. FACTUAL BACKGROUND

7. The Surety issued performance and payment bonds on behalf Milcon Construction, LLC ("**Milcon**") in connection with improvements to be performed on a construction project located in Hilo, Hawai'i. The Surety issued the following bond (the "**Bond**"), for the following project (the "**Project**") and obligee (the "**Obligee**"):

| **BOND NO.** | **PROJECT** | **OBLIGEE** | **PENAL LIMIT** |
|---|---|---|---|
| 1045301 | Pohakula Training Area (the "**Project**") | United States of America | $132,703,000 |

8. On or about April 1, 2015, to induce the Surety to issue the Bonds, the Defendants executed a *General Agreement of Indemnity* (the "**Indemnity Agreement**") in favor of the Surety

for any and all loss or expenses the Surety incurs in connection with issuing the Bonds. A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "A" and fully incorporated herein for all purposes.

9. Section II. of the Indemnity Agreement provides, in pertinent part, the following:

**Indemnity.** The Indemnitors shall exonerate, indemnify, keep indemnified and hold harmless the Surety from and against any and all liability, demands, losses, claims, suits, judgments, fees, costs and expenses of whatsoever kind or nature (including, but not limited to pre and post-judgment interest, court costs, consultant and counsel fees and expenses) which the Surety may pay, sustain or incur by reason of or in any manner as a consequence of any one or more of the following: a) being requested to execute or procure any Bonds; b) having executed or procured the execution of any Bonds; c) the Indemnitors' failure to perform or comply with this Agreement or any other agreement with the Surety; d) enforcing any of the covenants of this Agreement or any other agreement between the Indemnitors and the Surety; e) the Surety's cost of investigation of any claim, demand, suit, notice or circumstance which may give rise to liability on the part of the Surety in connection with any Bonds, this Agreement or any other agreement between the Indemnitors and the Surety; f) in defending any suit, action, mediation, arbitration or any other proceedings to obtain release from liability, whether the Surety, in its sole and absolute discretion, elects to employ its own attorneys or permits the Indemnitors to defend the Surety and whether the Surety, in its sole and absolute discretion, elects to make a compromise settlement of a contested liability in connection with any Bonds; or g) The Surety's subrogation costs and expenses.

10. Section III. of the Indemnity Agreement provides, in pertinent part, the following:

**Payment.** Payment shall be made by the Indemnitors to the Surety, immediately upon demand by the Surety, in the amount of any liability, whether such liability is contingent or noncontingent, disputed or undisputed, and/or whether or not the Surety shall have established a reserve or made any payments therefor.

11. In 2016, Milcon entered into subcontract agreements (collectively, the "**Subcontracts**") with DYC Electric SRVC, LLC ("**DYC**") for the Project. On May 15, 2020,

DYC instituted a lawsuit against Milcon and Hanover contending Milcon failed to pay for labor and materials delivered to the Project.

12. By application of the binding arbitration provision in the Subcontracts, the parties initiated an arbitration proceeding that resulted in an arbitration award in favor of DYC in the amount of $468,465 (the "**Arbitration Award**"). On December 21, 2021, the federal court confirmed the Arbitration Award and entered judgment against Milcon in the amount of $468,465 (the "**Judgment**").

13. In connection to the Bonds, the Surety remitted payments in the amount of $190,250 and $468,485 to satisfy the terms and conditions of the payment bonds and applicable law. The Surety also incurred other expenses related to the loss payments.

14. The Surety issued a written demand to the Defendants on November 29, 2021, notifying them of the Arbitration Award. Pursuant to the terms of the Indemnity Agreement, the Surety demanded the Defendants to satisfy the award or deposit monies with the Surety in the amount of $500,000 to indemnify Surety of the loss under the Bond. A true and correct copy of the November 29, 2021, demand is attached hereto as Exhibit "B" and fully incorporated herein for all purposes.

15. The Defendants failed and refused, and continue to fail and refuse, to comply with the demands of the Surety.

16. As of the filing of this Original Complaint, the Surety has incurred a loss under the Bonds in excess of $658,735.

17. All conditions precedent to recovery by the Surety from Milcon have occurred or have been performed.

## V.     CAUSES OF ACTION

### Count I – Breach of Indemnity Agreement

18. The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Complaint as if fully set forth herein.

19. Milcon has failed, delayed, refused, or is unable to complete the Projects and/or pay bills or other indebtedness incurred in connection with the Projects for which the Bonds were issued.

20. Despite demand, the Defendants failed and/or refused to pay the Surety an amount sufficient to discharge claims against the Surety from having issued the Bonds.

21. The wrongful acts of the Defendants set forth in paragraphs 16 and 17 constitute independent defaults and breaches of the Indemnity Agreement.

22. Under the Indemnity Agreement, the Defendants are liable to the Surety for all of the Surety's loss and expense, including attorney fees, in connection with claims on the Bonds.

### Count II – Common Law Indemnity

23. The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Complaint as if fully set forth herein.

24. The Surety has been called upon as a surety for Milcon to complete performance of Milcon's work on the Projects and/or to pay for Milcon's alleged defaults under the Bonds.

25. Milcon benefitted from the Surety's posting of the Bonds, as Milcon could not have performed the contracts for which the Bonds were issued without the Bonds.

26. Under the theories of common law indemnity, unjust enrichment, and restitution, the Surety is entitled to payment by Milcon for all of the Surety's loss and expense resulting from issuance of the Bonds.

### Count III – Exoneration

27. The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Complaint as if fully set forth herein.

28. The Defendants are liable to the Surety under the Indemnity Agreement for all amounts necessary to exonerate the Surety from liability asserted against it.

### Count IV – Specific Performance of Indemnity Agreement

29. The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Complaint as if fully set forth herein.

30. The Surety requests that the Court compel Milcon to provide the Surety with access to their books, records, and accounts and other documents identified in Section IX of the Indemnity Agreement so that the Surety may determine any additional exposure under the Bonds.

31. The Surety also requests that the Court compel Milcon to assign all their rights to payment of any contract balance, retainage, or other sum due under any construction contract bonded by the Surety pursuant to the provisions of the Indemnity Agreement.

### Count V – Recovery of Attorney Fees and Expenses

32. The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Complaint as if fully set forth herein.

33. The Surety is entitled to recover its attorney fees and expenses from Milcon under the Indemnity Agreement or, alternatively, under § 38.001, *et seq.* of the Texas Civil Practice & Remedies Code.

## REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff The Hanover Insurance Company respectfully requests that Milcon be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

(a) Judgment against the Defendants, jointly and severally, in the amount of damages incurred by the Surety;

(b) Judgment against the Defendants, jointly and severally, for amounts necessary to exonerate the Surety from all liability assessed against it;

(c) An order of the Court compelling the Defendants to perform its obligations under the Indemnity Agreement;

(d) Attorney fees and expenses;

(e) Pre- and post-judgment interest at the maximum rate permissible at law or in equity;

(f) Costs of court; and

(g) Such other and further relief to which the Surety may be justly entitled.

Respectfully submitted,

**WEINSTEIN RADCLIFF PIPKIN LLP**

*/s/ Gregory M. Weinstein*
Gregory M. Weinstein
State Bar No. 21096430
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
214-865-6126 Telephone
214-865-6140 Facsimile
gweinstein@weinrad.com

**ATTORNEY FOR PLAINTIFF THE HANOVER INSURANCE COMPANY**